IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 1:11-CR-50-1 |
| CHRISTOPHER JAVAN LAVAN | § | |

**REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 3, 2015 in the above numbered case, alleging that the Defendant, Christopher Javan Lavan, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Christopher Javan Lavan was sentenced on November 2, 2011, before the Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Count 1: Felon in Possession of a Firearm, a Class D felony, and Count 2: Possession with the Intent to Distribute Less Than 28 Grams of Cocaine Base, a Class C felony. These offenses carried a statutory maximum imprisonment term of 10 years as to Count 1, and 20 years as to Count 2. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. Christopher Javan Lavan was subsequently sentenced to 37 months' imprisonment,

as to both counts, to be served concurrently, followed by a 3 year term of supervised release, as to both counts, to run concurrently subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, mental health aftercare, and a $100 special assessment as to both counts.

## II.  The Period of Supervision

On March 14, 2014, Christopher Javan Lavan completed his term of imprisonment and began service of the supervision term.  On November 18, 2014, Christopher Lavan's conditions of supervision were modified to include 180 days of residential reentry placement.

## III.  The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on March 3, 2015 alleging that Lavan violated the special condition of his supervised release be being unsuccessfully discharged from Bannum Place of Beaumont for violating the rules of the facility.

## IV.  Proceedings

On March 12, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the allegation that he violated a special condition of supervised release, to wit: that he reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days, and shall

abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment plus forty-three (43) days of unserved community confinement, with no supervised release to follow. The undersigned also recommends the Federal Correction Complex in Beaumont, Texas be designated as the facility to serve this sentence.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were a Class C and D felonies; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Christopher Javan Lavan violated conditions of supervision by being unsuccessfully discharged from

Bannum Place of Beaumont on March 3, 2015, Christopher Javan Lavan will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his a special condition that he was unsuccessfully discharged from Bannum Place of Beaumont for violating the rules of the facility. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in each petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is a IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of nine (9) months' imprisonment plus forty-three (43) days of unserved community confinement, with no supervised release to follow. The undersigned also recommends the Federal Correction Complex in Beaumont, Texas be designated as the facility to serve this sentence.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days.
.
2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment plus forty-three (43) days of unserved community confinement, with no supervised release to follow.

4. The undersigned also recommends the Federal Correctional Complex in Beaumont, Texas be designated as the facility for the Defendant to serve this sentence.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 20th day of March, 2015.

_____
Zack Hawthorn
United States Magistrate Judge